IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                       Civ. No. 01-632 PK/WWD

JAMES B. McCOLLUM, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF UNITED STATES' MOTION TO QUASH

THIS MATTER comes before the Court on Plaintiff United States' Motion to Quash Defendants' Subpoenas for June 10 **[Doc. 23]**, filed June 10, 2002. Plaintiff seeks an order quashing the subpoenas duces tecum served upon Nita Luna Davis and Christina McKelvy.

**Factual Background**

The Plaintiff United States filed this action on June 11, 2002, under the Fair Housing Act ("FHA"), alleging that Defendants engaged in discriminatory housing practices based on familial status. The present dispute arose out of the Defendants' issuance of two subpoenas duces tecum. These subpoenas commanded that Ms. Davis, of the Fair Housing Project of the Legal Aid Society of Albuquerque ("FHP"), and Ms. McKelvy, an aggrieved individual, appear and produce documents on June 10, 2002. On May 24, 2002, Defendants faxed copies of the subpoenas and notices of deposition to Plaintiff.[1] Ms. Davis and Ms. McKelvy were served with their subpoenas on May 31, 2002 and June 1, 2002, respectively. See Exs. A, B to Defs.' Resp. (proof of service). The subpoenas indicated that Ms. Davis and Ms. McKelvy were to appear for their

---

[1] Defendants also mailed copies of the subpoenas and deposition notices to Plaintiff, which apparently arrived on May 28, 2002.

depositions at 10:00 a.m. and 12:00 p.m., respectively, on June 10, 2002. However, the parties apparently agreed to move the depositions to 3:00 p.m. and 5:00 p.m., respectively, on the same date. Defs.' Resp. at 2. At approximately 1:30 p.m. on June 10, 2002, Plaintiff filed the instant Motion requesting that the Court quash both subpoenas.

## Discussion

Plaintiff raises several grounds upon which it bases its Motion. I shall first address the issue of whether the Plaintiff United States has standing to challenge the subpoenas at issue.

*Standing*

"A motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena." Hertenstein v. Kimberly Home Health Care, Inc., 189 F.R.D. 620, 635 (D.Kan.1999); Smith v. Midland Brake, Inc., 162 F.R.D. 683, 685 (D. Kan. 1995) (citing Kansas Health Care Ass'n, Inc. v. Kansas Dep't of Soc. and Rehab. Servs., 1990 WL 255000 (D. Kan. 1990)); see also Diamond State Ins. Co. v. Rebel Oil Co.,157 F.R.D. 691, 695 (D.Nev. 1994) (citing Jerry T. O'Brien, Inc. v. Securities and Exch. Comm'n, 704 F.2d 1065, 1068 (9th Cir.1983), rev'd on other grounds, 467 U.S. 735 (1984), citing Donaldson v. United States, 400 U.S. 517, 523 (1971)) (finding that the non-recipient of a subpoena has standing to challenge a subpoena "only where its challenge asserts that the information is privileged or protected to itself").

In this case, the subpoenas at issue were directed to and served upon Ms. Davis and Ms.

2

McKelvy.[2] Thus, "the [persons][3] entitled to challenge the subpoena[s] under FED. R. CIV. P. 45(c)(3)(A) [are Ms. Davis and Ms. McKelvy,] unless a showing is made that [Plaintiff] has a personal right to be protected or that the documents are subject to a privilege." Smith, 162 F.R.D. at 685. Plaintiff bears the burden of showing that the subpoenas seek privileged information. See Royal Surplus Lines Ins. Co. v. Sofamor Danek Group, Inc., 190 F.R.D. 463, 474 (W.D.Tenn. 1999).

Plaintiff states that "the United States and the FHP object to the scope of Defendant's subpoena [naming Nita Davis], [because it] request[s] . . . documents that fall within the work product and attorney-client privileges." Pl.'s Mem. in Support of Mot. ("Mem.") at 3. However, Plaintiff fails to identify whether the United States, the FHP, or both, purport to have any personal interest in the documents sought. In its Reply, Plaintiff names only "the FHP . . . [as] object[ing] to the scope of Defendant's subpoena," indicating that if a privilege exists, it probably inures to the FHP and not the Plaintiff. Pl.'s Reply at 7 (emphasis added).

Plaintiff attaches a list of documents entitled "Albuquerque FHP files," which it refers to as a "privilege log." See Attachment 5 to Pl.'s Mem. However, Plaintiff's "privilege log" fails to

---

[2] I fail to find merit in Plaintiff's argument that it has standing because Defendants "directed" the subpoenas to the United States. Although the Defendants faxed and mailed copies of the subpoenas and deposition notices to the United States, the subpoenas commanded the appearances of only Ms. McKelvy and Ms. Davis. Moreover, Plaintiff's argument is particularly unpersuasive when Defendants are required by the federal rules of civil procedure to provide notice to each party whenever a subpoena duces tecum is served on a witness. See FED. R. CIV. P. 45(b)(1).

[3] Although the court used the term "party," the subpoena at issue in Smith was not directed to a named party. In any event, the same principle also applies to non-parties. See In re Seagate Tech. II Sec. Litig., No. C-89-2493(A)-VRW, 1993 WL 293008 (N.D. Cal. Jun. 10, 1993) (explaining that the right to challenge a subpoena issued to a non-party is limited to the person to whom the subpoena is directed).

3

identify the documents that Plaintiff contends are entitled to protection or privilege.[4] Nor does the log indicate the specific privilege or protection that allegedly applies to each document. For the most part, the "privilege log" contains only brief and vague descriptions of its contents. I find that Plaintiff's "privilege log" is insufficient in order to determine which documents, if any, may be protected under the attorney-client privilege or the work product doctrine. See, e.g., Diamond State, 157 F.R.D. at 699 (finding that the privilege log contained only vague descriptions of the documents and was inadequate to determine whether the work product doctrine applied).

The Court will not speculate regarding whether a particular privilege or protection applies. However, Plaintiff does not request the Court to conduct an in camera review of any of the documents listed in its "privilege log." Nor do I find that the circumstances of this case compel the Court to conduct such a review on its own initiative. See Diamond State, 157 F.R.D. at 700 (explaining that to grant an in camera review where the objecting party failed to submit evidence to support its claim of privilege would permit that party to "shirk [its] duty of justifying the withholding of the documents"). Plaintiff has failed to establish its standing to challenge the subpoenas directed to Ms. Davis and Ms. McKelvy based on a personal right or privilege with respect to the subject matter of the subpoenas. Further, Plaintiff has failed to show that any privilege or protection applies to the materials requested in the subpoenas directed to Ms. Davis or Ms. McKelvy.[5] Accordingly, Plaintiff's objection to the subpoenas on this basis will be denied.

---

[4] The log contains various documents that do not appear, by any stretch of the imagination, to be subject to a privilege or protection. Such documents include those described as "Apartment Guide advertisements," "Queens Point Advertisement," and "Jim McCollum's business card." Attachment 5 at 9-10, attached to Pl.'s Mem.

[5] Plaintiff does not provide a privilege log with respect to the documents requested in Ms. McKelvy's subpoena. Indeed, Plaintiff does not even allege, much less show, that any of

4

I am equally unpersuaded by Plaintiff's arguments that its standing to challenge the subpoenas may be based on either a "common interest" privilege or the authority provided under the Fair Housing Act. Plaintiff argues that the "common interest" privilege it shares with the FHP and Ms. McKelvy permits the United States to challenge the subpoenas. However, Plaintiff fails to specify what privilege or interest it holds in common with either FHP, Ms. McKelvy or Ms. Davis. Moreover, the cases cited by Plaintiff in support of this argument are either inapplicable to, or are distinguishable from, the circumstances of this case.

For example, the defendant in Baumann v. Jacobs Suchard, Inc., 136 F.R.D. 460 (N.D. Ill. 1990) sought to compel the production of certain documents from the EEOC, including questionnaires sent from aggrieved employees to the EEOC. See id. at 461. The EEOC claimed that these questionnaires were protected by attorney-client privilege. See id. The court agreed, finding that "[c]ommunications between the EEOC attorneys and the employees represented in ADEA cases brought by the EEOC are privileged." Id. at 462. In the dispute before this Court, however, Defendants did not attempt to subpoena any documents from the United States. Indeed, the United States does not purport to possess or control the materials that Defendants seek to obtain from Ms. Davis and Ms. McKelvy. Moreover, Baumann addressed only the narrow issue of whether the attorney-client privilege applies to communications between aggrieved employees and the EEOC; it did not address the issues involved in determining whether a party has standing to challenge a subpoena under Rule 45.

I find that the principles discussed in Gormin v. Brown-Forman Corp., 133 F.R.D. 50

---

the materials requested in her subpoena are subject to privilege or protection.

(M.D.Fla. 1990) are more applicable to the circumstances facing the Court in this case. The court in Gormin addressed the question of whether, within the context of an age discrimination enforcement action brought by the EEOC, the EEOC counsel have an attorney-client relationship with the aggrieved employees, such that opposing counsel's direct communication with those employees violate the prohibition on communicating with a person the lawyer knows to be represented by another lawyer. See Gormin, 133 F.R.D. at 51-52. The court answered that question in the negative, finding that absent an "expressly asserted [] desire" by an individual to receive confidential legal advice from EEOC counsel, it was proper for the defendant to send subpoenas directly to each aggrieved employee it wished to depose. Id. at 53.

In the dispute before this Court, Plaintiff does not point to any evidence that either Ms. Davis or Ms. McKelvy has expressly asserted a desire to receive legal advice from Plaintiff's attorneys. Nor are they bound to accept the representation and litigation strategy of the United States. See 42 U.S.C. § 3612 [FHA] (permitting aggrieved persons to intervene as party plaintiffs in litigation brought by the United States). Moreover, although the aggrieved persons in this action may have initially filed charges with the Department of Housing and Urban Development, it was the Defendants, not an aggrieved person, who "opted out" of the administrative process and "[gave] the United States authority to prosecute the alleged violations." Pl.'s Reply at 4. I find that under the facts of this case, Plaintiff fails to demonstrate that it has standing to challenge the subpoenas based on either an assertion of personal right or privilege or a claim of attorney-client relationship. Thus, Plaintiff's objections to the subpoenas should be denied on this basis.

The court in Gormin permitted the EEOC to renew its motion, should an aggrieved individual "express a desire that EEOC counsel render confidential legal advice, [and providing

6

that the] EEOC . . . [supply the] supporting affidavits or other documentation." Gormin, 133 F.R.D. at 53. However, there is no reason for the Court to afford the same opportunity to Plaintiff to renew its Motion in this dispute. First, the Plaintiff did not expressly assert that an attorney-client relationship exists between its attorneys and either Ms. Davis or Ms. McKelvy.[6] Second, and more importantly, even assuming that Plaintiff has standing to challenge the subpoenas, I find that Plaintiff's Motion fails on its merits.

*Merits of Plaintiff's Motion*

Plaintiff raises four grounds for quashing the subpoenas issued to Ms. Davis and Ms. McKelvy. First, Plaintiff contends that the subpoenas directed to Ms. Davis and Ms. McKelvy fail to allow a reasonable time for compliance. Pl.'s Mem. at 2. Plaintiff fails to offer an adequate explanation or support for this contention. However, in light of Ms. McKelvy's apparent willingness to provide the requested materials,[7] the Defendants should cooperate with Ms. McKelvy and her counsel in allowing her sufficient time in which to comply with Defendants' requests.

Second, Plaintiff objects to the scope of Defendant's subpoena to Ms. Davis [FHP] as requiring the disclosure of documents "that fall within the work product and attorney-client privileges." Pl.'s Mem. at 3. As previously discussed, Plaintiff has failed to meet its burden with respect to this objection, thus, Plaintiff's challenge on this basis will be denied. Plaintiff further

---

[6] Indeed, Plaintiff's distinction between "the United States [and] the attorneys for Christina McKelvy or the FHP," Pl's. Reply at 5, is evidence of its understanding that attorneys other than its own are providing legal representation to the FHP and Ms. McKelvy.

[7] Ms. McKelvy "is willing to provide the Defendants with documents related to her damages . . . . [and] requests . . . reasonable time to comply with the Defendant's document requests." Pl.'s Reply at 7.

7

alleges that Defendants' subpoenas are "a blatant attempt to circumvent the 30 day requirement for document requests set out in FED. R. CIV. P. 34" and insists that Defendants should have directed their requests to the United States under this rule. Pl.'s Mem. at 3. A document request under Rule 34 applies only to parties. Indeed, Rule 34 explicitly references Rule 45 as the proper method of obtaining document production from a non-party. FED. R. CIV. P. 34(c). Neither Ms. Davis nor Ms. McKelvy is a party in this case. Moreover, it does not appear unreasonable to expect Ms. Davis and Ms. McKelvy to be in possession or control of the materials described in their respective subpoenas. Thus, Plaintiff's objection on this basis will be denied.

Third, Plaintiff argues that the subpoenas violated Rule 45(a) because they were not served 14 days prior to their depositions. Pl.'s Mem. at 3. However, while Rule 45 provides that a subpoena may be quashed if it "fails to allow reasonable time for compliance," FED. R. CIV. P. 45(c)(3)(A)(i), neither Rule 45 nor the local rules specify that a subpoena must be served 14 days prior to a deposition. I have previously addressed the issue of whether the subpoenas allowed a reasonable time for compliance. Plaintiff's objection on this ground will be denied.[8]

Finally, Plaintiff challenges the subpoenas as inappropriate because Defendants "waited until the last days of discovery" in which to conduct the depositions of Ms. McKelvy and Ms. Davis. Pl.'s Mem. at 3-4. The United States and Defendants agreed to an extension of the discovery deadline from April 29, 2002 to June 14, 2002. See Pl.'s Mem. at 4 n.4. The depositions of Ms. McKelvy and Ms. Davis were set for June 10, 2002. Plaintiff's objection on

---

[8] In its Reply, Plaintiffs assert that Defendants violated FED. R. CIV. P. 30(b) and Local Rule 30.1 by failing to confer with other counsel regarding scheduling of the depositions before serving the notices of deposition. However, Defendants had no opportunity to respond to this assertion because Plaintiff failed to raise it in its Motion. Accordingly, Plaintiff's objection on this basis will be denied.

this ground lacks merit and will be denied.

*Defendants' Request*

In their Response, Defendants request the Court to enter an order directing Ms. Davis and Ms. McKelvy to comply with the subpoenas duces tecum. Defendants further ask the Court to "command Ms. Davis and Ms. McKelvy to appear with the subpoenaed documents to be re-deposed at the Government's expense, and award Defendants their reasonable attorneys' fees and costs in responding to this motion and in re-deposing the witnesses." Defs.' Resp. at 11-12.

I will deny Defendants' request that the Court enter an order awarding their attorney fees and costs in responding to this motion. I further find that Defendants' remaining requests are prematurely raised. There is no indication that Ms. McKelvy or Ms. Davis will withhold the documents requested by Defendants following the entry of this order.[9] Nor is it clear that the production of these documents will necessitate the re-deposition of either individual.[10] Thus, Defendants' remaining requests will be denied as premature. However, should these issues remain unresolved, Defendants may re-raise their requests in an appropriate motion.

**Conclusion**

For the foregoing reasons, Plaintiff United States' Motion to Quash Defendants' Subpoenas for June 10 **[Doc. 23]** shall be denied. Discovery shall proceed in accordance with this memorandum opinion and order.

---

[9] Indeed, as previously noted, Ms. McKelvy appears willing to provide the documents that Defendants seek.

[10] For example, after reviewing the documents Defendants could decide not to re-depose Ms. McKelvy or Ms. Davis. Or, the parties might agree to a re-deposition of one or both individuals and further agree as to how to apportion the costs thereof.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE